UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cook Productions, LLC,

    Plaintiff,

    v.

John Clarke, *et al.*,

    Defendants.

Case No. 2:16-cv-1192
Judge Michael H. Watson
Magistrate Judge E. P. Deavers

## OPINION AND ORDER

Cook Productions ("Plaintiff") brings this copyright infringement action against twelve individuals ("Defendants"). Am. Compl., ECF No. 14. Defendants, known only by their IP addresses at the time Plaintiff filed its Complaint, have since been identified after expedited discovery. ECF No. 7. One of those Defendants, Annette Mineer ("Movant"), moves to sever Plaintiff's claims against her.[1] ECF No. 29. For the following reasons, Movant's motion to sever is **GRANTED**.

### I. BACKGROUND

Plaintiff, a limited liability company with principal offices in Los Angeles, California, is an affiliate of Cinelou Films. Am. Compl. ¶¶ 4–5, ECF No. 14.

---

[1] Movant asks this Court to sever her from this action pursuant to Federal Rules of Civil Procedure 20, 21, and/or 42. This Court will not consider severance pursuant to Rule 42, as Rule 42 is not applicable here. This issue has not yet been set for trial, thereby making an order for a separate trial presently unnecessary. Furthermore, Movant provides no analysis in her motion to sever regarding the possible applicability of Rule 42. Therefore, this Court focuses only on Rules 20 and 21.

Cinelou Films is a production company that produced the film at issue here, *Mr. Church*. *Id.* at ¶¶ 5–6. *Mr. Church* is registered with the United States Copyright Office, Registration No. PA 2-002-861 (2016), and is currently offered for sale in commerce. *Id.* at ¶¶ 7–10.

Plaintiff alleges that *Mr. Church* is the subject of significant online piracy, as it has been illegally downloaded and distributed "hundreds of thousands of times worldwide." *Id.* at ¶ 12. Defendants allegedly copied and distributed *Mr. Church* in the state of Ohio and this judicial district, on numerous occasions, by way of a peer-to-peer file-sharing network known as BitTorrent. *Id.* at ¶¶ 29–30.

Plaintiff avers that Defendants are willfully and intentionally infringing on Plaintiff's copyright in *Mr. Church* through the use of BitTorrent. *Id.* at ¶ 30. Plaintiff thus seeks an injunction preventing Defendants from directly or indirectly infringing on its copyright and directing Defendants to destroy all copies of *Mr. Church* in their possession. *Id.* at ¶ 60. Plaintiff additionally seeks statutory damages and attorney's fees. *Id.* at ¶ 58.

## II.  LEGAL STANDARD FOR SEVERANCE

Federal Rule of Civil Procedure 20(a)(2) permits multiple persons to be joined as defendants in one action if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. *See*

*Tcyk, LLC v. Does*, No. 2:13-cv-688, 2013 WL 12130354, at *4 (S.D. Ohio Nov. 25, 2013).

Permissive joinder pursuant to Rule 20(a)(2) is meant to "promote judicial economy and trial convenience," *Evans v. Midland Funding LLC*, 574 F. Supp. 2d 808, 811 (S.D. Ohio 2008) (citation omitted), and the district court retains significant discretion to "sever defendants if it finds that the objectives of the rule are not fostered" or if "joinder would result in prejudice, expense, or delay." *Voltage Pictures, LLC v. Does 1-43*, No. 1:13CV465, 2013 WL 1874862, at *2 (S.D. Ohio May 3, 2013). Accordingly, the district court may, "[o]n motion or on its own . . . sever any claim against a party." Fed. R. Civ. P. 21.

### III. ANALYSIS

Movant argues that the Court should sever Plaintiff's claims against her because Plaintiff's Complaint relates to twelve or more separate and factually unrelated individuals, incidents, and events. Movant therefore argues that she and the other Defendants are not part of the same transaction or occurrence and that they share little or no common questions of fact.

Plaintiff responds that the requirements of permissive joinder pursuant to Rule 20(a) have been satisfied given Defendants' alleged participation in a BitTorrent "swarm." Before assessing whether Defendants participated in a BitTorrent swarm, it is first necessary to explain what a swarm is.

BitTorrent allows users to exchange a large computer file, *e.g.*, a motion picture, by receiving portions of the file from various users connected to the

BitTorrent network at any given moment in time, through what is referred to as a swarm. As *Malibu Media, LLC v. Pelizzo*, No. 12-22768-CIV, 2012 WL 6680387 (S.D. Fla. Dec. 21, 2012) put it:

> The BitTorrent protocol operates as follows. The process begins with one user, the "seed" who makes the file available via a BitTorrent client. The seed then creates a "torrent" file that contains a road map to the IP addresses of other users who are sharing the file. Each piece of the torrent file is assigned a unique cryptographic hash value. That value acts as a "unique digital fingerprint" that ensures a piece of data belongs in a particular torrent file.
>
> Other users, or "peers," then download the torrent file, which allows them to download from other peers who possess pieces of the file. All of these peers are part of the same "swarm" because they are downloading pieces of the same file. After downloading a piece of the file, each user automatically becomes a source for this piece. The various members of the swarm continue to exchange pieces with one another. Finally, once a peer has accumulated enough individual pieces of the file, the software allows the peer to reassemble the aggregate file.

*Id.* at \*\*1–2 (internal quotation marks and citations omitted). Thus, the nature of the BitTorrent file-sharing system means that every peer downloader is also an uploader of that same file. *See Riding Films, Inc. v. John Does 129-193*, No. 2:13-cv-46, 2013 WL 3322221, at \*1 (S.D. Ohio July 1, 2013). But each peer is a member of the swarm only until the peer manually disconnects from the swarm. *Breaking Glass Pictures v. Does 1-84*, No. 1:13-cv-806, 2013 U.S. Dist. LEXIS 88984, at \*3 (N.D. Ohio June 25, 2013).

### A. Same Transaction or Series of Transactions

Federal district courts are divided on whether or not a defendant's alleged participation in a BitTorrent swarm satisfies the same transaction or occurrence

requirement for permissive joinder under Rule 20(a). Some courts have held that "simply participating in a swarm does not necessarily establish that defendants participated in the same transaction or occurrence." *Riding Films, Inc.*, 2013 WL 3322221, at *10 (citing *Night of the Templar, LLC v. Does 1-25*, No. 1:13-CV-396, 2013 WL 1500454 (N.D. Ohio April 10, 2013)); *Patrick Collins, Inc. v. Doe*, No. 11-cv-15231, 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012)). For instance, defendants may access the swarm at different times, "suggest[ing] that computer users were not acting simultaneously or in concert, which persuades some courts that the actions of those users were not part of the same transaction or series of transactions." *Riding Films, Inc.*, 2013 WL 3322221, at *10; *see also Patrick Collins, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 187556, at **3–4 (E.D. Mich. Aug. 28, 2012) ("[I]t is seemingly implausible that any of the Doe defendants *simultaneously* shared pieces of the Work with each other, and thus acted '*in concert*' sufficient to grant permissive joinder under Rule 20(a).") (emphasis added)).

Conversely, other courts have concluded that participation in a BitTorrent swarm *is* sufficient for permissive joinder pursuant to Rule 20(a). These cases hold that Rule 20(a) "does not necessarily require simultaneous or concerted action," *Riding Films, Inc.*, 2013 WL 3322221, at *10, but rather hold that joinder is permitted "based on the theory that the claims are 'logically related' and that the collaborative activity of the members of the swarm demonstrates that they

engaged in the same transaction or series of transactions." *Voltage Pictures, LLC*, 2013 WL 1874862, at *2.

This Court leaves open the question whether participation in the same swarm may, in some cases, support a determination that the same transaction or occurrence requirement is met. Plaintiff's allegations regarding Defendants' participation in a swarm in this case, however, fail to support such a finding.

For starters, Plaintiff's Complaint does not actually allege that Defendants were, in fact, part of the same swarm. Notably, the word "swarm" appears for the first time not in Plaintiff's Amended Complaint, but instead—almost as an afterthought—in Plaintiff's response to Movant's severance motion. But Plaintiff's Amended Complaint does not provide any factual allegations from which the Court could conclude that Defendants were connected in the same swarm.

First, Plaintiff does not allege that Defendants all illegally downloaded the *exact same* copyrighted file. In other BitTorrent cases, plaintiffs have alleged participation in a common swarm by demonstrating from the outset that the defendants all downloaded pieces of the exact same seed file, as evidenced by the file's "unique digital fingerprint"—its cryptographic hash value. *Malibu Media, LLC v. Pelizzo*, 2012 WL 6680387, at *1 (citation omitted); *see, e.g., Riding Films, Inc.*, 2013 WL 3322221, at *11 ("[A]ll of the infringements alleged in this lawsuit arise from the exact same unique copy of Plaintiff's movie as evidenced by the cryptographic hash value."); *Tcyk, LLC*, 2013 WL 12130354 (plaintiff alleges that defendants all infringed upon the same unique copy of the work);

*Breaking Glass Pictures v. John Does 1-32*, No. 2:13–cv–849, 2014 WL 467137 (S.D. Ohio Feb. 5, 2014) (plaintiff alleges that defendants all infringed upon the same unique copy of the work). Here, Plaintiff's Response broadly asserts that Defendants all downloaded the same movie—*Mr. Church*—but Plaintiff's Amended Complaint does not contain any factual allegations, such as a cryptographic hash value, showing that Defendants actually downloaded pieces of the same *Mr. Church* torrent file. ECF No. 64, at 7; *see Malibu Media, LLC v. Pelizzo*, 2012 WL 6680387. Plaintiff therefore does not show "that any one defendant's activity . . . actually affect[ed] or pave[d] the way for a later defendant to download the copyrighted work." *Cobbler Nevada, LLC v. Does 1-30*, No. 15-12771, 2015 WL 7732026, at *5 (E.D. Mich. Dec. 1, 2015). Without clearly demonstrating that Defendants all illegally downloaded pieces of the same unique torrent file of Plaintiff's motion picture, this Court finds that Plaintiff has failed to allege that all Defendants participated in the same illegal BitTorrent swarm.

Second, Plaintiff fails to allege any temporal proximity between Defendants' alleged copying and sharing of *Mr. Church*. While temporal proximity is not necessarily required to prove the same transaction or occurrence, it is nevertheless relevant. *See, e.g., Malibu Media, LLC v. John Does 1-18*, No. 12–07789, 2014 WL 229295, at *4 (D.N.J. Jan. 21, 2014) ("[T]his Court is not convinced that the purported instances of distribution . . . are a part of the same transaction, particularly because they span across various dates and

times.") (citation omitted); *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014) (explaining that it can be assumed that "two individuals who participate in the same swarm *at the same time* are part of the same series of transactions within the meaning of Rule 20(a)(2)," but that "two individuals who downloaded the same file five months apart are exceedingly unlikely to have had any interaction with one another whatsoever"); *Flava Works, Inc. v. Does 1 to 293*, No. 12 C 07869, 2014 WL 222722, at *5 (N.D. Ill. Jan. 21, 2014) ("Flava's allegations satisfy the same-transaction test. It has alleged that the defendants participated in a 'swarm' that occurred over the course of *one day* and the facts giving rise to the cause of action are substantially similar for each defendant.") (emphasis added); *Cobbler Nevada, LLC v. Does 1-28*, No. 15 C 7538, 2016 WL 193408, at *3 (N.D. Ill. Jan. 15, 2016) ("[B]ecause Cobbler has alleged sufficient facts to establish the doe defendants participated in the same swarm *on or about the same time*, the requirements of Rule 20(a)(2)(A) are satisfied.") (emphasis added).

Temporal proximity is particularly important to demonstrating that defendants in BitTorrent cases participated in the same transaction or occurrence because a swarm could last for an indefinite period of time, with new members coming and going throughout the duration of the swarm. *See Malibu Media, LLC*, 2014 WL 229295. Thus, members of a swarm at one hour may be different than those members the next. Neither Plaintiff's Amended Complaint nor its Response reference any dates linking Defendants' actions to each other

over a specific period of time. Rather, Plaintiff generally asserts that Defendants used the BitTorrent file-sharing platform "during the same period of time," Resp. 7, ECF No. 64. Plaintiff therefore provides insufficient information to link Defendants together in any transaction or occurrence.

Plaintiff's allegations thus do not demonstrate that Defendants, including Movant, participated in the same transaction or series of transactions. Rather, they show that Defendants "merely commit[ed] the same type of violation in the same way." *Arista Records, LLC v. Doe*, No. 2:07-cv-961, 2008 U.S. Dist. LEXIS 124587, at *20 (S.D. Ohio April 18, 2008). But "[m]erely alleging that the Doe defendants all used the same file-sharing protocol, BitTorrent, to conduct copyright infringement of plaintiff's film without any indication that they acted in concert fails to satisfy the arising out of the . . . same series of transactions or occurrences requirement." *Breaking Glass Pictures*, 2013 U.S. Dist. LEXIS 88984, at *10 (citation omitted).

Plaintiff has failed to sufficiently allege that Defendants, including Movant, were part of the same swarm, sharing the same unique copy of Plaintiff's copyrighted work, on or around the same time. Therefore, the first prong of Rule 20(a) is not satisfied.

### B. Common Question of Law or Fact

Rule 20(a) further requires Plaintiff to establish that its claims against all Defendants share a common question of law or fact. The Court finds that Plaintiff also fails to satisfy this requirement. While Plaintiff does allege that all

Defendants used BitTorrent to violate the same law, Plaintiff does not allege that Defendants were in any way connected beyond that.

Plaintiff relies on *Riding Films*, wherein Magistrate Judge King found joinder proper when the plaintiff alleged that the Doe defendants "(1) violated the same law (17 U.S.C. § 101 *et seq.*); (2) infringed plaintiff's rights in [the work] by using the same digital file; and (3) used the same BitTorrent protocol." 2013 WL 3322221, at *12. Plaintiff is missing a key element here; as mentioned above, Plaintiff nowhere alleges that Defendants shared the same unique copy of *Mr. Church*. Plaintiff is then left only with the allegation that Defendants all used the same BitTorrent protocol to violate the same law—the Court finds that this is insufficient to satisfy Rule 20(a).

### C. Other Discretionary Factors

Even if the Court were to find that the requirements of Rule 20(a) were met, which is not the case here, the Court "nevertheless retains considerable discretion to sever defendants" for myriad of reasons. *Voltage Pictures, LLC*, 2013 WL 1874862, at *2. Here, the Court finds that judicial economy makes severance appropriate. *See Evans*, 547 F. Supp. 2d, at 811 (explaining that the purpose of permissive joinder is to promote judicial economy).

First, this case is no longer at the initial stages of the proceedings, where efficiency and cost concerns related to the discovery of Defendants' identities made joinder more appropriate. *See, e.g., Riding Films, Inc.*, 2013 WL 3322221 (motion to sever denied without prejudice in early stages of litigation, when

defendants were only known by their IP addresses); *see also Breaking Glass Pictures*, 2014 WL 467137; *Tcyk, LLC*, 2013 WL 12130354. In the case at bar, expedited discovery has already been completed and all Defendants have been personally identified beyond their IP addresses. Given the completion of expedited discovery, the future of this case will now become largely individualized, as Plaintiff will be required to prove its claims against each individual Defendant.

However, joinder is not appropriate when, as in this case, "the claims against each defendant are likely to turn on individual defenses (e.g., 'my wireless internet service is not password protected.')" *LHF Productions, Inc. v. Smith*, No. 2:16–cv–01803, 2017 WL 4778594, at *4 (D. Nev. Oct. 23, 2017) (citation omitted). Here, Movant argues that she did not infringe upon Plaintiff's copyrighted work but rather that a guest of her 77-room motel may have used the BitTorrent system without her knowledge or consent, as her motel's wireless connection is not password protected. Reply 3, ECF No. 66. Given the unique defense that Movant intends to raise, and the unique defenses that other Defendants (if rejoined or added anew) are likely to raise, the Court finds that severance is both proper and appropriate.[2] *See Pacific Century Int'l, Ltd. v. Does*

---

[2] Plaintiff alleges that Movant's request for severance is moot, as all other Defendants have since been dismissed, and Movant is therefore the only Defendant remaining in the action. Resp. 1, ECF No. 64. The Court is not persuaded by this argument. In fact, as Plaintiff itself points out, the Motion for Default Judgment, ECF No. 47, has yet to be ruled upon. Furthermore, as Movant correctly states, those Defendants dismissed

*1-101*, No. C–11–02533, 2011 WL 5117424, at *3 (N.D. Cal. Oct. 27, 2011) ("The manageability difficulties, procedural inefficiencies, and likelihood that Defendants will assert myriad factual and legal defenses compel it to sever [the defendants]."); *Malibu Media, LLC v. Reynolds*, No. 12 C 6672, 2013 WL 870618, at *15 (N.D. Ill. Mar. 7, 2013) ("[T]he individualized issues related to each Doe defendant's defense would wash away any judicial economy that may have been achieved through a plaintiff's mass-litigation strategy."). Given the current stage of the proceedings, remaining litigation on Plaintiff's claims will revolve around the unique details and circumstances of each Defendant's purported copyright violation, resulting in several mini-trials if Defendants were to remain joined. Joinder is no longer the more efficient option.

The Court finds Plaintiff's allegations to be insufficient to warrant joinder of all Defendants; the mere fact that Defendants allegedly used the same BitTorrent protocol to violate the same law to download the same movie is not enough to persuade the Court to engage in a series of mini-trials over claims against Defendants who are otherwise seemingly unrelated. It is for these reasons that the Court exercises its broad discretion in severing Movant.

---

without prejudice may be rejoined in the future. Therefore, in practical terms, Movant is not the only remaining defendant in this action, and her Motion to Sever is not moot.

## IV. CONCLUSION

Accordingly, Movant's Motion to Sever is **GRANTED**.[3] The Clerk is **DIRECTED** to (1) assign a new individual case number for Defendant Mineer; (2) mark this new case as related to the original action and assign it to the undersigned District Judge; and (3) copy and transfer all filings from the original action to the docket for the new case. If Plaintiff chooses to pursue its claims against Defendant Mineer, it must pay the requisite filing fee within fourteen (14) days of this Order. Failure to do so will result in dismissal of that case for failure to prosecute without further notice to any party.

The Clerk is **DIRECTED** to terminate ECF No. 29.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Movant also summarily asserts, without any analysis, that she is not properly venued in this judicial district. The Court does not decide that issue at this time. If Movant seeks a transfer of venue following severance, Movant is directed to file a separate motion for such transfer, citing the applicable standard and explaining why that standard supports transfer of her case.